Filed 2/14/17 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY McGINNIS,<br><br>　　　　Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF<br>ALAMEDA COUNTY,<br><br>　　　　Respondent;<br><br>THE PEOPLE,<br><br>　　　　Real Party in Interest. | A149006<br><br>(Alameda County<br>Super. Ct. No. 127033)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

THE COURT:

The opinion filed herein on January 27, 2017, is modified as follows:

On page 3, footnote 2, in the last sentence after the word "counsel," add the words "absent an order to show cause," and after the Government Code citation add "*In re Clark* (1993) 5 Cal.4th 750, 780" so that the sentence reads:

> Any right to habeas counsel, absent an order to show cause, is purely statutory and, in California, the right extends only to indigent prisoners sentenced to death. (Gov. Code, § 68662; *In re Clark* (1993) 5 Cal.4th 750, 780.)

There is no change in the judgment.


Date: _____ 　　_____ Acting P.J.

Trial court: Alameda County Superior Court

Trial judge: Honorable Larry Goodman

Counsel for petitioner: L. Richard Braucher, under appointment by the Court of Appeal.

Counsel for respondent: No appearance.

Counsel for real party in interest: Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, and Alisha M. Carlile, Deputy Attorney General.

A149006

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY McGINNIS,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF<br>ALAMEDA COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | A149006<br><br>(Alameda County<br>Super. Ct. No. 127033) |

Penal Code[1] section 1054.9 authorizes postconviction discovery of prosecutorial documents in order to prepare a writ of habeas corpus for an inmate sentenced to death or life imprisonment, but requires the cost of copying those documents to be "borne or reimbursed by the defendant." Pursuant to a directive from the California Supreme Court, we here determine whether a motion for postconviction discovery may be denied solely due to a defendant's inability to pay in advance for copies of the discovery materials. As we shall explain, such discovery may not be denied on that basis. Where, as here, a moving party demonstrates entitlement to postconviction discovery but asserts he is unable to pay copying costs, the court must determine if defendant is indigent as claimed and, if so, fashion a reimbursement plan or other means to permit the discovery to proceed.

---

[1] All further statutory references are to the Penal Code except as noted.

**Statement of Facts and Procedural Background**

In 1998, petitioner was convicted of two counts of first degree murder with a finding of multiple-murder special circumstance. (§§ 187, 190.2, subd. (a)(3).) The trial court sentenced petitioner to life in prison without possibility of parole (LWOP). This court affirmed his conviction (*People v. McGinnis* (Dec. 15, 2000, A084197) [nonpub. opn.]) and denied a subsequent petition for a writ of habeas corpus (*In re McGinnis* (Jan. 11, 2007, A116321)).

At issue here are petitioner's efforts to obtain information and documents in support of another habeas petition. On February 25, 2015, he filed in the Alameda County Superior Court a motion for postconviction production of "discovery materials" in possession of the Alameda County District Attorney, including investigative reports on the analysis of physical evidence, witness interviews, and photographs introduced in evidence at trial. (§ 1054.9.) Defendant stated that he tried to obtain the documents from his trial counsel but received no reply to his inquiries. On May 6, 2015, the court denied the motion without prejudice upon finding that defendant had not made good faith efforts to obtain the documents without court intervention. The court determined that petitioner's trial counsel was deceased but ruled that petitioner should have asked his appellate attorney or the district attorney for the documents before filing the motion.

On August 21, 2015, petitioner filed another discovery motion to which he attached a letter from appellate counsel saying she did not have the materials he sought and a letter to the district attorney requesting the documents. On August 28, 2015, with the motion pending, the district attorney wrote to petitioner agreeing to address his request and stating that he would be required to pay for the cost of copying any responsive documents. On September 30, 2015, petitioner filed a motion for appointment of counsel and waiver of copying costs for postconviction discovery. Petitioner filed a declaration attesting that he is "indigent," "without the financial resources to retain private counsel" or "the financial ability to pay for copies of the production of post-conviction discovery as requested" of the district attorney. Petitioner averred: "I currently

have a prison job and make approximately seven dollars ($7.00) a month after court-imposed restitution is deducted from my pay."

On October 7, 2015, the court denied petitioner's discovery motion because the district attorney agreed to produce responsive documents. The court stated that defendant could renew the motion should it be necessary after he receives the documents. By separate order, the court denied petitioner's request for appointment of counsel and waiver of copy costs.[2] As to costs, the court found that the statute governing postconviction discovery requires copying costs be "borne or reimbursed" by petitioner. (§ 1054.9.) "There is no provision for a waiver of these fees, which are not copy fees to the court, but to the district attorney."

The district attorney wrote to petitioner on October 23, 2015 offering to produce the requested discovery and stating the copying costs to be $122.80.[3] Petitioner asked the district attorney to waive costs and she declined in a letter dated December 10, 2015.

On March 17, 2016, petitioner moved ex parte for production of postconviction discovery, stating his inability to pay for copies of the requested discovery. The court denied the motion on April 1, 2016.[4] Petitioner contends that he filed a renewed motion for discovery dated April 5, 2016, although the certified case file does not contain the

---

[2] The petition before us does not contest the court's order denying appointed counsel, and challenges only its order on costs. The United States Constitution does not require appointment of counsel for the indigent in state habeas proceedings. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.) "[T]he right to appointed counsel extends to the first appeal of right, and no further." (*Ibid.*) Any right to habeas counsel is purely statutory and, in California, the right extends only to indigent prisoners sentenced to death. (Gov. Code, § 68662.)

[3] The costs were itemized as follows: $13.40 for 130 pages of documents, $4.40 for copies of 44 photos, and $105 for witness interviews copied onto seven cassette tapes. The district attorney offered to produce the interviews on CDs at a cost of $210 rather than cassette tapes for $105, which would raise the total cost from $122.80 to $227.80.

[4] The motion does not appear in the record, only the order. The superior court clerk attests that the March 17, 2016 motion is not in the court file.

motion or an order relating to it.[5] The renewed motion, a copy of which is attached to his petition for writ of mandate, states he is indigent and that conditioning postconviction discovery on advance payment of costs denies him due process and equal protection of the law. Petitioner noted that the discovery statute allows for "reimbursement" of costs and proposed placing a lien on his prison trust account for incremental collection of 20 percent of money deposited in the account until all copying fees are paid to the district attorney. (§ 1054.9.) Petitioner asserts the renewed motion was denied.

Petitioner filed a petition for writ of mandate in this court, which we summarily denied. Petitioner then filed a petition for writ of mandate in the California Supreme Court seeking an order directing the superior court to provide postconviction discovery without advance payment of costs. The high court refiled the petition as a petition for writ of certiorari, granted it, and transferred it to this court with directions to issue a writ of review to the superior court and to decide the following questions upon return of the writ: "(1) May a motion for postconviction discovery pursuant to Penal Code section 1054.9 be denied solely due to a defendant's inability to pay? (2) May such a motion be summarily denied on that ground without a hearing?" Pursuant to this directive, we issued a writ of review to the superior court directing it to certify the entire record of proceedings on petitioner's request for postconviction discovery and we appointed counsel to represent petitioner on the writ of review. This court has now received the superior court case file, the return on the petition and petitioner's traverse.

### Discussion

Common law principles provide that a person seeking habeas corpus relief is not entitled to court-ordered discovery unless and until the court issues an order to show cause and thus determines that the petition states a prima facie case for relief. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1255-1261.) That rule was changed by statute, effective 2003, for persons sentenced to death or LWOP. (*In re Steele* (2004) 32 Cal.4th 682, 690.)

---

[5] The Attorney General does not address this discrepancy in the record. We shall presume that the renewed motion was filed in the superior court and denied, as petitioner alleges.

4

Section 1054.9, subdivision (a) provides: "Upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment in a case in which a sentence of death or of life in prison without the possibility of parole has been imposed, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (c) [which relates to physical evidence], order that the defendant be provided reasonable access to any of the materials described in subdivision (b)." Subdivision (b) provides: "For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." Pertinent here is subdivision (d), which provides: "The actual costs of examination or copying pursuant to this section shall be borne or reimbursed by the defendant."

Petitioner argues that the superior court misinterpreted the statute to require payment of copy costs before discovery production rather than allowing him to reimburse costs after receiving responsive documents. In his traverse, petitioner states he "does not oppose reimbursement" and renews his offer to allow a lien against his prison trust fund to pay copy costs. The Attorney General is in agreement. She contends that a criminal defendant must pay postconviction discovery costs but an indigent defendant may pay those costs over time.

The parties' positions are in accord with *Davis v. Superior Court* (2016) 1 Cal.App.5th 881. In *Davis*, a LWOP inmate asserted that "forcing him to pay for copies of postconviction discovery violates his right to equal protection under the law because it places him on different footing from wealthier inmates who can afford to pay for the discovery they request." (*Id.* at p. 888.) The appellate court, "mindful that 'a court, when faced with an ambiguous statute that raises serious constitutional questions, should endeavor to construe the statute in a manner which *avoids* any doubt concerning its validity' " (*ibid*.), found no need to address constitutional concerns because section 1054.9, fairly read, "does not require an inmate seeking postconviction discovery to pay in advance for copies of discovery" (*id.* at p. 889). The statute requires the costs of

5

copying to be "borne or *reimbursed* by the defendant." (§ 1054.9, subd. (d), italics added.) The court held that, pursuant to the terms of the statute itself, one "may not completely prohibit petitioner from receiving postconviction discovery without first paying for copies of what he receives." (*Id.* at p. 889.) The court declined to "instruct the trial court as to exactly how to address the payment of costs by petitioner, as there are many ways in which an inmate may receive postconviction discovery without paying the copying costs in advance" and left to the trial court's discretion a manner of payment appropriate to the circumstances. (*Ibid.*) One possibility noted by the appellate court was that "the parties might agree that petitioner can pay costs over time using his prison wages or other funds to which he has access." (*Ibid.*)

Here, the parties are agreed that petitioner may receive the postconviction discovery he requested and reimburse copying costs over time from his prison wages. The trial court may, given the parties' stipulation, issue an order garnishing a portion of petitioner's prison funds and remitting the payment to the district attorney.[6]

In summary, the Supreme Court asked: "May a motion for postconviction discovery pursuant to Penal Code section 1054.9 be denied solely due to a defendant's inability to pay?" The answer is no. Section 1054.9 requires the costs of copying to be "borne or *reimbursed* by the defendant." (§ 1054.9, subd. (d), italics added.) A superior court "may not completely prohibit petitioner from receiving postconviction discovery without first paying for copies of what he receives" but should fashion a method for petitioner to reimburse the district attorney over time or otherwise gain access to the materials. (*Davis v. Superior Court, supra,* 1 Cal.App.5th at p. 889.)

The second question posed by our high court is: "May [a motion under section 1054.9] be summarily denied [due to a defendant's inability to pay] without a hearing?"

---

[6] The Attorney General suggests that the superior court pay the copying costs, add those costs to court fees, and recover the costs under Government Code section 68635, which allows garnishment of prison wages to collect court fees. But postconviction discovery costs are not "court filing fees and costs" encompassed by the garnishment statute. Although district attorneys undoubtedly have limited resources, the superior courts have not been appropriated funds to advance these copying costs.

The short answer is no, but a hearing should rarely be necessary. A defendant's inability to pay discovery costs before receiving responsive documents is not a basis for denying discovery. Where, as here, a moving party demonstrates entitlement to postconviction discovery but asserts he is unable to pay copy costs, the court should determine if defendant is indigent as claimed and, if so, order reimbursement. In most cases the court will be able to make this determination based on the documentation submitted in support of the application. In the unlikely event that the defendant makes the necessary showing of indigency and the district attorney submits evidence to the contrary or there is reason to question the defendant's showing, a hearing will be required to determine the issue. However, as indicated, such instances should not be frequent.

### Disposition

The order of the Superior Court of Alameda County denying petitioner's request for postconviction discovery under section 1054.9 is reversed and the matter is remanded for further proceedings. The superior court shall determine if defendant is unable to pay in advance for the costs of copying documents responsive to his discovery request and, if so, issue an order for reimbursement to the district attorney consistent with the parties' agreement. If the parties fail to agree on a reimbursement plan for copying costs, the court is authorized to enter an order consistent with this opinion.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

A149006

| | |
|---|---|
| Trial court: | Alameda County Superior Court |
| Trial judge: | Honorable Larry Goodman |
| Counsel for petitioner: | L. Richard Braucher, under appointment by the Court of Appeal. |
| Counsel for respondent: | No appearance. |
| Counsel for real party in interest: | Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, and Alisha M. Carlile, Deputy Attorney General. |

A149006