Filed 9/14/20  P. v. Wright CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PATRICIA WRIGHT,<br><br>    Defendant and Appellant. | B300278<br><br>(Los Angeles County<br>Super. Ct. No. BA154420) |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Charles S. Lee and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Patricia Wright appeals from the superior court's order denying her petition under Penal Code section 1170.95,[1] which allows certain defendants convicted of murder under a felony murder or natural and probable consequences theory to petition the court to vacate their convictions and for resentencing. Wright argues that her petition stated a prima facie case for relief under the statute and that the superior court erred in denying the petition without appointing her counsel or giving Wright the opportunity to file a brief in support of her petition. Wright, however, was not convicted under a felony murder or natural and probable consequences theory. She was convicted of first degree murder with a special circumstance finding, which the superior court properly determined after reviewing portions of the trial transcript, the jury instructions, and this court's opinion in Wright's prior appeal. Therefore, Wright did not state a prima facie case for relief, and the superior court did not err in summarily denying her petition.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Wright of First Degree Murder, and This Court Affirms*

On September 22, 1981 police found the body of Willie Jerome Scott, Wright's husband, in Scott's motor home. On September 25, 1981 Wright made claims on two of Scott's life insurance policies, a $15,000 policy purchased in June 1980 and a $25,000 policy purchased in August 1981. Wright's brother later

---

[1]     Statutory references are to the Penal Code.

told police Wright hired Larry Slaughter to kill Scott. Wright's sister-in-law also told police Wright forged Scott's signature on the second insurance policy and admitted she killed Scott to collect the insurance money.

After years of investigation, the People filed a criminal complaint against Wright in 1997, alleging she hired Slaughter to murder Scott. A jury convicted Wright of first degree murder (§ 187, subd. (a)) and found true the special circumstance allegation she committed the murder for financial gain. (§ 190.2, subd. (a)(1).) The trial court sentenced Wright to prison for life without the possibility of parole. Wright appealed, and in 2000 this court affirmed Wright's conviction. (*People v. Wright* (July 17, 2000, B133341) [nonpub. opn.].)

B. *The Legislature Enacts Senate Bill No. 1437 and Establishes the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4), effective January 1, 2019, amended the felony murder rule and eliminated the natural and probable consequences doctrine as it relates to murder by amending sections 188 and 189. New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." New section 189, subdivision (e), provides that, with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs (that is, those crimes that provide the basis for first degree felony murder), an individual is liable for murder "only if one of the following is proven: [¶] (1) The person was

3

the actual killer.  [¶]  (2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶] (3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (See *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140 [Senate Bill No. 1437 "eliminated the natural and probable consequences doctrine as a basis for murder liability, and added a requirement for felony murder that a defendant must have been at least a major participant in the underlying felony and have acted with reckless indifference to human life"].)

Senate Bill No. 1437, through new section 1170.95, also authorizes an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts if the individual could not have been convicted of murder under Senate Bill No. 1437's changes to the definition of the crime.  The petition must include a declaration by the petitioner he or she is eligible for relief under this section, the superior court case number and year of the petitioner's conviction, and a statement whether the petitioner requests the appointment of counsel.  (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327, review granted Mar. 18, 2020, S260493 (*Verdugo*).)[2]

---

[2]     The Supreme Court deferred briefing in *Verdugo*, *supra*, S260493 pending its decision in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.  The Supreme Court limited briefing and argument in *Lewis* to the

4

If the petition contains all required information, section 1170.95, subdivision (c), prescribes a two-step procedure for the court to determine whether to issue an order to show cause: "'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'" (*Verdugo, supra*, 44 Cal.App.5th at p. 327.) Thus, subdivision (c), "prescribes two additional court reviews before an order to show cause may issue, one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief— and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo,* at pp. 327-328.)

If the court determines the petitioner has made a prima facie showing and issues an order to show cause, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo, supra*, 44 Cal.App.5th at p. 327.) At the hearing the

following issues: (1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?

5

prosecution has the burden of proving beyond a reasonable doubt the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219 (*Tarkington*); *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

C.      *Wright Files a Petition Under Section 1170.95*

On January 10, 2019 Wright filed a petition for resentencing under section 1170.95.[3] On February 15, 2019 the superior court denied Wright's petition. The court stated it had reviewed the petition, the file, the trial transcript including the testimony and jury instructions, and this court's opinion affirming Wright's conviction. The superior court summarily denied the petition, finding that Wright was "not a person convicted of felony murder or murder under a natural and probable consequences theory since neither the argument of counsel nor the jury instructions [was] based on either theory" and that "the evidence at trial shows she was convicted of first degree murder based on aiding and abetting the crime with the specific intent to kill." The court further found: "The evidence also shows she was a major participant who was at the murder and whose participation was based on the desire to obtain financial gain from the proceeds of a recently acquired life insurance policy on the victim which named [her] as the beneficiary upon the victim's death. Under these facts, to say the

---

[3]     This petition is not in the record.

6

least, she acted with reckless indifference to human life."  The court concluded:  "Therefore, it cannot be said that [Wright] could not be convicted of first or second degree murder because of the changes to section 188 or 189 made effective January 1, 2019."

Wright filed another petition for resentencing under section 1170.95 in May 2019.  Wright alleged she could not now be convicted of first or second degree murder because of the changes to Penal Code sections 188 and 189.  Wright stated (a) she was not the actual killer, (b) she did not, with the intent to kill, aid and abet the actual killer in the commission of murder, (c) she did not act with reckless indifference to human life as a major participant in the underlying felony, and (d) the victim was not a police officer.  Wright also asked the court to appoint counsel for her during the resentencing process.  The superior court denied this petition, stating it had previously denied the same petition on February 15, 2019.  Wright appealed.

## DISCUSSION

A.    *The Superior Court Did Not Err in Determining Wright Is Ineligible for Resentencing*

Wright contends her petition stated a prima facie case for relief under section 1170.95, subdivision (a), by alleging that she was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine and that she could not now be convicted of first or second degree murder after the amendments to sections 188 and 189.  According to Wright, these allegations, supported by her assertions that she was not the actual killer and that she did not, with the intent to kill, aid and abet the actual killer in

7

committing the murder, stated a prima facie case, which in turn required the superior court to appoint counsel and order briefing.

As we explained in *Verdugo*, however, the superior court, after receiving a facially sufficient petition, may examine readily available portions of the record of conviction to determine whether the petitioner has made a prima facie showing and thus falls within the provisions of section 1170.95. (*Verdugo, supra*, 44 Cal.App.5th at pp. 329-331.) In particular, the court may review "the complaint, information, or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment." (*Id.* at pp. 329-330; see *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055; *Tarkington, supra,* 49 Cal.App.5th at p. 908; *People v. Edwards, supra,* 48 Cal.App.5th at p. 674.) The court may also review a "court of appeal opinion, whether or not published, [that] is part of the appellant's record of conviction." (*Verdugo,* at p. 333; *People v. Lewis, supra*, 43 Cal.App.5th at p. 1138.) As we cautioned in *Verdugo*, however, because at this stage the court is only evaluating whether the petitioner has made a prima facie showing he or she falls within the provisions of the statute, if the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must appoint counsel if requested, direct the prosecutor to file a response to the petition, permit the petitioner to file a reply, and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief. (*Verdugo*, at p. 330.)

Here, the record of conviction shows that Wright was not convicted of felony murder or murder under the natural and probable consequences theory. The court did not instruct the jury

8

on felony murder or murder under a natural and probable consequences theory, nor is there any reference to either theory in this court's prior opinion.  And Wright does not argue she was convicted under either such theory.  Therefore, section 1170.95 does not apply to Wright's conviction.

In addition, the jury found true the special circumstance allegation she committed the murder for financial gain.  (§ 190.2, subd. (a)(1).)  The version of this special circumstance instruction used at trial, CALJIC No. 8.80 (pre June 6, 1990), instructed the jury:  "If you find beyond a reasonable doubt that the defendant was either the actual killer or an aider or abettor, but you are unable to decide which, then you must also find beyond a reasonable doubt that the defendant with intent to kill aided and abetted an actor in commission of the murder in the first degree, in order to find the special circumstance to be true.  On the other hand, if you find beyond a reasonable doubt that Patricia Wright was the actual killer, you need not find the defendant intended to kill a human being in order to find the special circumstance to be true."[4]  Because the jury found the special circumstance allegation true, it necessarily must have found Wright was either the actual killer or (more likely) she was an aider and abettor

---

[4]     The trial court also instructed the jury with CALJIC No. 8.81.1 (pre June 6, 1990):  "To find that the special circumstance, referred to in these instructions as murder for financial gain, is true, each of the following facts must be proved:  [¶]  1.  The murder was intentional; and [¶]  2.  It was carried out for financial gain; and [¶]  3.  The defendant believed the death of the victim would result in the desired financial gain."

9

with the intent to kill.[5]  (See *People v. Soto, supra*, 51 Cal.App.5th at p. 1055 ["[t]he jury instructions given at a petitioner's trial may provide 'readily ascertainable facts from the record' that refute the petitioner's showing"].)  Because either theory was still valid after the changes made by Senate Bill No. 1437 to sections 188 and 189, Wright is ineligible for resentencing under section 1170.95.  (See *Tarkington, supra,* 49 Cal.App.5th at p. 899 [petitioner who is the actual killer is ineligible for resentencing under section 1170.95 because he was convicted under "a theory that survives the changes to sections 188 and 189"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 595-596 [direct aiding and abetting theory of liability survives the changes following Senate Bill No. 1437].)

Neither the appointment of counsel nor an order setting a briefing schedule would have changed the fact Wright is ineligible for relief under section 1170.95 as a matter of law.  (See *People v. Law* (2020) 48 Cal.App.5th 811, 825 [denial of petitioner's section 1170.95 petition was proper because, "[g]iven the trial evidence, counsel would not have been able to demonstrate in a reply brief or otherwise" the petitioner was eligible for relief], review granted July 8, 2020, S262490; *Verdugo, supra*, 44 Cal.App.5th at pp. 332-333 [if "the petitioner has failed to make the initial prima facie showing required by [section 1170.95,] subdivision (c), counsel need not be appointed"];

---

[5]     During closing argument, the prosecutor argued that Wright was not the actual killer, but that she directly aided and abetted the murder:  "[Wright] didn't kill this man.  She's not the one.  She had her man and it was Larry Slaughter.  But does that mean that she shouldn't be responsible for this?  That's not the law.  You don't get to set up a killing and say, 'I'm not the actual perpetrator.  I'm not responsible.'"

but see *People v. Cooper* (Sept. 1, 2020, A156880) ___ Cal.App.5th ___, ___ [2020 WL 5175210, p. 10] ["a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed"].)  The trial court did not err in summarily denying her petition under section 1170.95.

B. *The Superior Court Did Not Violate Wright's Constitutional Right to Counsel*

Contrary to Wright's contention, the superior court did not violate her constitutional right to counsel.  The relief afforded by section 1170.95 is "not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights." (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156; accord, *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114-1115, review granted Nov. 13, 2019, S258175; see *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1138 [initial eligibility determination under section 1170.95 is analogous to a determination whether to summarily deny a habeas corpus petition, to which no constitutional right to counsel attaches]; cf. *McGinnis v. Superior Court* (2017) 7 Cal.App.5th 1240, 1243, fn. 2 ["[a]ny right to habeas corpus counsel, absent an order to show cause, is purely statutory"].)

## DISPOSITION

The order is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.