Filed 1/9/24  P. v. Whitsey CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>HAIJI WHITSEY,<br><br>     Defendant and Appellant. | B329001<br><br>(Los Angeles County<br>Super. Ct. No. NA009550) |

Appeal from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Reversed with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Thirty-one years ago, a jury convicted Haiji Whitsey of first degree murder, first degree burglary, and first degree robbery, and found true the special-circumstance allegation he committed the murder while he was engaged in the commission of robbery or burglary and the allegation he personally used a firearm in committing the offenses. Among other prison terms, the court imposed a term of life without the possibility of parole. Whitsey appealed, contending that the trial court gave a constitutionally deficient instruction on the reasonable-doubt standard and that the court should have declared a mistrial when counsel for his codefendant, Ronald Chapman, violated an agreement under *People v. Aranda* (1965) 63 Cal.2d 518 and *Bruton v. United States* (1968) 391 U.S. 123.[1] We affirmed the judgment. (*People v. Haiji S. Whitsey et al.* (Sept. 22, 1993, B070694) [nonpub. opn.].)

In 2022 Whitsey filed a petition for resentencing under Penal Code former section 1170.95 (now 1172.6).[2] The superior

---

[1] In *People v. Aranda, supra*, 63 Cal.2d 518 the California Supreme Court held a trial court may admit the extrajudicial statement of one defendant that implicates a codefendant if the court adopts certain procedures. (*Id.* at pp. 530-531.) In *Bruton v. United States, supra*, 391 U.S. 123 the United States Supreme Court held admission of an extrajudicial statement of a nontestifying defendant that expressly incriminates a codefendant violates the codefendant's right of cross-examination under the Confrontation Clause of the Sixth Amendment. (*Id.* at p. 126.)

[2] Undesignated statutory references are to the Penal Code.

court appointed counsel and ordered briefing. At a non-evidentiary, apparently unscheduled hearing, the court announced it had not read the file. Counsel for Whitsey nevertheless stated his client was the actual killer, and the court summarily denied the petition without issuing an order to show cause or reading the memoranda filed in support of or in opposition to the petition.

Whitsey argues that the jury instructions and verdicts did not preclude him from relief under section 1172.6 as a matter of law; that the superior court erred in denying his petition without reviewing the briefs, the record of conviction, or anything in the file; and that his attorney provided ineffective assistance. We conclude that the superior court erred in summarily denying the petition because the record of conviction did not establish as a matter of law Whitsey was ineligible for relief. We also conclude counsel for Whitsey provided ineffective assistance under section 1172.6 by conceding at the hearing Whitsey was the actual killer and therefore ineligible for relief, after counsel had argued in a supplemental brief Whitsey was eligible for relief and the court disclosed it had not reviewed the papers filed in connection with the petition, the record of conviction, or the court file. Therefore, we reverse the order summarily denying Whitsey's petition and direct the court to issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d).

**FACTUAL AND PROCEDURAL BACKGROUND**

A.  *A Jury Convicts Whitsey of First Degree Murder,*
    *Robbery, and Burglary; This Court Affirms*

Early one morning in December 1991 Whitsey and
Chapman went to the apartment of Frank Jackson to rob him.
During the robbery, Jackson was shot and killed.  The People
charged Whitsey with first degree murder (§ 187, subd. (a)),
first degree burglary (§§ 459, 460), and first degree robbery
(§§ 211, 212.5, subd. (a)).  The People alleged the special
circumstance that Whitsey murdered Jackson while engaged in
the commission of robbery or burglary (§ 190.2, subd. (a)(17)) and
alleged Whitsey personally used a firearm in committing the
offenses (§ 12022.5, subd. (a)).  (See *People v. Haiji S. Whitsey
et al.*, *supra*, B070694.)[3]

At trial, Whitsey's girlfriend testified that, two days after
the shooting, Whitsey told her that he shot Jackson with

---

[3]   "Appellate opinions . . . are generally considered to be part
of the record of conviction.  [Citation.]  However, . . . the probative
value of an appellate opinion is case-specific, and 'it is certainly
correct that an appellate opinion might not supply all answers.'"
(*People v. Lewis* (2021) 11 Cal.5th 952, 972.)  We rely on the
opinion in Whitsey's direct appeal only to provide the factual and
procedural background of this case.  We do not rely on any facts
summarized in our prior opinion to determine whether the
superior court erred in summarily denying Whitsey's petition.
(See *People v. Lee* (2023) 95 Cal.App.5th 1165, 1183 ["the factual
summary . . . may not be used to determine a petitioner's
eligibility at the prima facie stage"]; *People v. Flores* (2022)
76 Cal.App.5th 974, 988 [same].)

two guns, one in each hand.[4]  Jackson's neighbor testified she found Jackson on the ground and asked him, "Who did this?" Jackson spelled out "AJHAJIE."  Investigators determined Jackson died from the cumulative effect of eight gunshot wounds inflicted by bullets from two different weapons.  Chapman later made a statement to the police that inculpated Whitsey in Jackson's murder.

The trial court instructed the jury on murder with CALJIC No. 8.10,[5] first degree felony murder with CALJIC No. 8.21, and aiding and abetting first degree felony murder with CALJIC No. 8.27.[6]  The court, specifically naming Whitsey, instructed the jury on the special circumstance Whitsey committed murder while he was engaged in the commission of a burglary or robbery with CALJIC No. 8.80.1 (1990 new) and CALJIC No. 8.81.17 (1991 rev.).

The jury convicted Whitsey on all counts and found true the special-circumstance allegation and the allegation Whitsey

---

[4]  On our own motion, we take judicial notice of the record of Whitsey's direct appeal, B070694, which contains the transcript of the trial.  (Evid. Code, §§ 452, subd. (d), 459, subd. (d).)

[5]  "For decades the *California Jury Instructions, Criminal* (CALJIC), published by the Los Angeles County Superior Court, had been used nearly exclusively in California criminal trials. . . . However, many instructions were written in legalese and often included highly clunky verbiage."  (Cal. Crim. Jury Instr. Companion Handbook, § 1:1.)  References to CALJIC jury instructions are to the fifth edition of California Jury Instructions, Criminal (1988).

[6]  The court did not instruct on the natural and probable consequences doctrine.

personally used a firearm in committing the offenses. On the murder conviction, the trial court sentenced Whitsey to a term of life without the possibility of parole, plus the upper term of five years for the firearm enhancement under section 12022.5, subdivision (a). The court also imposed a consecutive term of six years on the robbery conviction and imposed and stayed execution of a six-year term on the burglary conviction and additional terms for the firearm enhancements. We affirmed. (*People v. Haiji S. Whitsey et al.*, *supra*, B070694.)

B.      *Whitsey Files a Petition Under Section 1172.6*

In May 2022 Whitsey, representing himself, filed a petition for resentencing under section 1172.6. Checking boxes on a form petition, Whitsey alleged that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; that he was convicted of murder, attempted murder, or manslaughter following a trial; and that he could not now be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019. The superior court appointed counsel to represent Whitsey and ordered briefing.

The People filed an opposition to the petition, arguing the jury convicted Whitsey of murder on a theory that remained valid after the legislative changes to sections 188 and 189 because relief under section 1172.6 "is not available to an 'actual killer.'"

Counsel for Whitsey filed a reply, arguing Whitsey "made the necessary prima facie showing of entitlement to relief" under section 1172.6 and asking the court to issue an order to show cause.

Counsel for Whitsey and the prosecutor appeared at a hearing. Counsel for Whitsey stated she was ready to proceed and have the court determine whether Whitsey had established a prima facie case for relief. The court stated the matter was on calendar for Whitsey to file his reply memorandum in support of the petition. When counsel for Whitsey informed the court she had already filed the reply brief, the court stated it had not read "anything in this file." The court stated it could read the file that morning, but asked counsel for Whitsey whether she was "submitting that there's no prima facie case." Counsel for Whitsey answered, "I'm submitting." The court asked counsel for Whitsey to clarify: "Let's just be clear: Defense, you agree there's no prima facie case, is that correct?" Counsel for Whitsey replied, "Yes, Mr. Whitsey is the actual killer." The court stated, "There's no prima facie case," and denied the petition. Whitsey timely appealed.

## DISCUSSION

### A.    *Section 1172.6*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice

requirement for murder (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433,448-449; *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e).  The latter provision requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)).  (See *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Strong*, at p. 708; *Gentile*, at pp. 842-843; *People v. Cody* (2023) 92 Cal.App.5th 87, 105.)

Section 1172.6 creates "a procedural mechanism for those convicted of murder under prior law to seek retroactive relief." (*People v. Wilson, supra*, 14 Cal.5th at p. 869; see *People v. Curiel, supra*, 11 Cal.5th at p. 449.)  The statute authorizes an individual convicted of felony murder or murder, attempted murder, or voluntary manslaughter based on a natural and probable consequences doctrine "or any other theory under which malice is imputed to a person based solely on that person's participation in a crime" to petition the superior court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder, attempted murder, or

8

manslaughter because of the changes the Legislature made to the definitions of the crime of murder.  (See *Strong*, *supra*, 13 Cal.5th at p. 798; *Lewis*, *supra*, 11 Cal.5th at p. 957; *People v. Gentile*, *supra*, 10 Cal.5th at p. 843.)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "''"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause."''"  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, at p. 971; see *People v. Curiel*, *supra*, 11 Cal.5th at pp. 463-464; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"  (*Lewis*, at p. 972; see *People v. Harden* (2022) 81 Cal.App.5th 45, 51 (*Harden*).)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. '"[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'"' thereby deeming the petitioner ineligible."  (*Harden*, *supra*, 81 Cal.App.5th at p. 52; see *People v. Curiel*, *supra*, 15 Cal.5th at p. 460; *Lewis*, *supra*, 11 Cal.5th at p. 971.)  "For example, if the record shows that the

9

jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law." (*Harden*, at p. 52.) Or, where "the record of conviction irrefutably establishes as a matter of law that the jury determined [the petitioner] was the actual killer," the superior court may properly deny the petition "at the prima facie stage." (*Id.* at pp. 56, 60; see § 189, subd. (e)(1).) "We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)." (*People v. Williams*, *supra*, 86 Cal.App.5th at p. 1251; see *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [denial at the prima facie stage "is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law," which "is a purely legal conclusion . . . we review de novo"].)

B. *The Superior Court Erred in Summarily Denying Whitsey's Petition*

Whitsey argues that he made each of the required allegations under section 1172.6, subdivision (a),[7] to state a prima facie case for relief and that the record of conviction did not

---

[7] Section 1172.6, subdivision (b), provides the petition must include a declaration by the petitioner that he or she "is eligible for relief under this section, based on all the requirements of subdivision (a)." (See *People v. Curiel*, *supra*, 11 Cal.5th at p. 461.) Section 1172.6, subdivision (a), "allows persons (1) convicted of murder, (2) who may have been convicted under the old felony-murder rule, and (3) who claim they could not be convicted under the new felony-murder rule, to petition to vacate the conviction." (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1112; see § 1172.6, subd. (a).)

conclusively establish he "was convicted of murder under a still-viable theory."  Whitsey is correct.

Whitsey alleged all the requirements under section 1172.6, subdivision (a), to be eligible for relief: that a complaint, information, or indictment allowed the prosecution to proceed under a theory of felony murder (or other now-invalid theory), that he was convicted of murder, and that he could not now be convicted of murder based on the changes the Legislature made to sections 188 and 189.  (See § 1172.6, subd. (a)(1)-(3).)  As discussed, we must accept these allegations as true, unless the record of conviction contains facts that refute the allegations.  (See *People v. Curiel*, *supra*, 11 Cal.5th at p. 460; *Lewis*, *supra*, 11 Cal.5th at p. 971.)

The People argue "the record of conviction[8] (the jury's verdicts, findings, and the instructions) makes clear that the jury found that [Whitsey] was the actual killer."  The People point to the instruction on the felony-murder special circumstance and the jury's true finding on the special-circumstance allegation, which together, according to the People, "conclusively show that the jury found that [Whitsey] was the actual killer."[9]

The People are mistaken.  The trial court instructed the jury with CALJIC No. 8.80.1, the introductory jury instruction on the special circumstance.  As modified by the court, that instruction stated:  "If you find the defendant Whitsey in this case guilty of murder in the first degree, you must then

---

[8]     Which, as stated, the superior court never looked at.

[9]     The People do not argue Whitsey is ineligible as a matter of law because he had the intent to kill.

11

determine if the special circumstance is true or not. The People have the burden of proving the truth of a special circumstance. If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true. If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true."[10]

Contrary to the People's suggestion, by finding the special-circumstance allegation true under CALJIC No. 8.80.1, the jury did not "necessarily" find Whitsey "actually killed the victim." The instruction did not tell the jurors that they had to find Whitsey actually killed a human being to find the felony-murder special circumstance allegation true. All the instruction told the jurors was that, *if* they found Whitsey actually killed Jackson, they did not need to find Whitsey had the intent to kill him. But nothing in the instruction required the jury to find Whitsey was the actual killer. (Cf. *People v. Lopez*, *supra*, 78 Cal.App.5th at p. 20 [jury instructions "created the possibility the jury convicted defendant of felony murder and found to be true the

---

[10] The trial court also instructed the jury with CALJIC No. 8.81.17 (1991 rev.): "To find that the special circumstance[ ] referred to in these instructions as to . . . murder in the commission of burglary or robbery is true, it must be proved: 1. The murder was committed while the defendant was engaged in the commission of a burglary or robbery; 2. [T]he murder was committed in order to carry out or advance the commission of the crime of burglary or robbery or to facilitate the escape therefrom or to avoid detection. In other words, the special circumstance referred to in these instructions is not established if the burglary or robbery was merely incidental to the commission of the murder."

12

robbery-murder special-circumstance allegation without finding him to have been the actual killer" because CALCRIM No. 730, the instruction on the robbery-murder special circumstance, did not instruct the jury that "it had to find defendant personally killed the victim to convict him"].) Nor did the instruction require the jury to find Whitsey, with the intent to kill, aided and abetted someone else in committing the murder. The court crossed out that portion of CALJIC No. 8.80.1.[11]

The cases the People cite are distinguishable. In *People v. Delgadillo* (2022) 14 Cal.5th 216 the superior court summarily denied the defendant's petition for resentencing under section 1172.6. (*Delgadillo*, at p. 223.) The Supreme Court held that, after the defendant's appellate counsel filed a brief stating she could not find any arguable issues, the Court of Appeal erred by failing to inform the defendant the appeal would be dismissed if the defendant did not file a supplemental brief or letter. (*Id.* at p. 233.) The Supreme Court also concluded, however, the defendant was "not entitled to any relief under section 1172.6" because the record showed he "was the actual killer and the only participant in the killing." (*Ibid.*) Here, in contrast, there were two defendants, and without looking at the trial transcript and engaging in factfinding, the superior court could not have

---

[11]     The trial court omitted the portion of CALJIC No. 8.80.1 that stated: "[If you find that a defendant was not the actual killer of a human being, [or if you are unable to decide whether the defendant was the actual killer or [an aider and abettor] [or] [co-conspirator],] you cannot find the special circumstance to be true . . . unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill [aided,] [abetted,] . . . [or] [assisted] any actor in the commission of the murder in the first degree][.]"

13

discerned with certainty (had it looked) whether the jury found Whitsey was the actual killer.

In *People v. Garcia* (2022) 82 Cal.App.5th 956 the court held the superior court did not err in denying the defendant's petition under section 1172.6, where the record of conviction showed that the defendant was the actual killer and that the People prosecuted the defendant as the only perpetrator of the underlying felony. (*Garcia*, at pp. 972-973.) *Garcia*, however, was an appeal after an order denying a petition under section 1172.6 after an evidentiary hearing, not at the prima facie stage. The same is true for *People v. Garrison* (2021) 73 Cal.App.5th 735, where the court, after an evidentiary hearing found the defendant was the actual killer. (*Id.* at p. 741.)

*Harden, supra*, 81 Cal.App.5th 45 was an appeal, like this one, from an order denying a petition for resentencing at the prima facie stage, but the jury instructions and circumstances were significantly different. In *Harden* there was only one defendant, and he acted alone; the trial court did not give instructions on aiding and abetting; and, in addition to finding true the felony-murder special-circumstance allegation under CALJIC No. 8.80.1, the jury found true the special-circumstance allegation under CALJIC No. 17.20 that the defendant, in committing the crimes, personally inflicted great bodily injury on the victim. (*Harden,* at p. 54.) Under these circumstances, the court in *Harden* held the instructions and verdicts showed that the jury's "only path" to convict the defendant of first degree felony murder "was based on a finding she actually killed" the victim. (*Id.* at p. 56.) As discussed, here there were two participants, the trial court gave the instruction on felony murder

14

for an aider and abettor, and there was no great-bodily-injury special-circumstance finding.

The People also argue the jury must have convicted Whitsey as the actual killer because the jury "was not instructed" on "any theory of malice murder, express or implied," which in turn means (the People say) "there was no possibility that the jury could have imputed the express or implied malice of codefendant Chapman to appellant." The People's argument is essentially a proof by contradiction, or reductio ad absurdum:[12] (1) The jury was not instructed on any theory of malice. (2) Assume Whitsey was not the actual killer. (3) The jury could not have convicted Whitsey of murder. Therefore, the assumption in (3) must be wrong.

But it is the conclusion in (3) that is wrong: The jury instructions did "chart a path" (*Harden*, *supra*, 81 Cal.App.5th at p. 52) that allowed at least one juror to convict Whitsey of murder on a theory other than as Jackson's actual killer. (See *id.* at p. 53 [where the defendant's jury "was instructed on felony murder, but not on the natural and probable consequences doctrine," the "only possible basis for section [1172.6] relief is if at least one juror convicted her of felony murder on a theory other than being the actual killer"].) CALJIC No. 8.27, the instruction the trial court gave on felony murder for an aider and abettor, stated: "If a human being is killed by any one of several persons engaged in

_____

[12] "*Reductio ad absurdum* is 'Latin [for] "reduction to the absurd"' and is shorthand '[i]n logic [for] disproof of an argument by showing that it leads to a ridiculous conclusion.'" (*In re Gray* (Bankr. S.D.Ohio 2009) 410 B.R. 270, 279; see *Defenders of Wildlife v. Andrus* (D.C. Cir. 1980) 627 F.2d 1238, 1246 ["The principle of reductio ad absurdum is part of the landscape of logic."].)

the commission or attempted commission of a crime of burglary or robbery, all persons, who either directly and actively commit the act constituting such crime, or who with knowledge of the unlawful purpose of the perpetrator of the crime and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, aid, promote, or encourage, or instigate by act or advice . . . its commission, are guilty of murder in the first degree, whether the murder is intentional, unintentional, or accidental." This instruction told the jurors that an aider and abettor to a specified felony is liable for a murder committed by any participant in the underlying felony, even if the defendant did not have the intent to kill (indeed, even if the killing was unintentional or accidental). (See *People v. Hines* (1997) 15 Cal.4th 997, 1048 [CALJIC No. 8.27 "instructed the jury that it could convict [the] defendant of first degree murder under the felony-murder rule if it found that he had committed a robbery or burglary and that he or an accomplice had killed a person in the course of that crime, even if the victim was killed unintentionally or by accident"]; see also *People v. Clark* (2016) 63 Cal.4th 522, 615 ["'The purpose of the felony-murder rule is to deter those who commit the enumerated felonies by holding them strictly responsible for any killing committed by a cofelon, whether intentional, negligent, or accidental, during the perpetration or attempted perpetration of the felony.'"]; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1123 (*Bratton*) [the felony-murder rule "made *either* a killer *or* a nonkiller guilty of murder, regardless of any participant's intent to kill"].)

Thus, the jury instructions did not eliminate the possibility a juror could have convicted Whitsey of felony murder as an aider

16

and abettor without the intent to kill, and not as the actual killer. (Cf. *Bratton*, *supra*, 95 Cal.App.5th at p. 1123 [because the trial court did not give CALJIC No. 8.27, which instructs the jury on "a theory of *vicarious* liability," and only instructed on the felony-murder rule "as a rule of *strict liability* and of *degree-fixing*," the jury instructions "indicated that to be guilty of murder at all, [the] defendant had to be the actual killer"].) As discussed, the amendments to sections 188 and 189 eliminated this theory of murder liability. (See § 189, subd. (e); *People v. Wilson*, *supra*, 14 Cal.5th at pp. 868-869; *People v. Vang* (2022) 82 Cal.App.5th 64, 88.)

The People also argue the jury's true finding Whitsey personally used a firearm in committing the offenses (§ 12022.5, subd. (a)) was "consistent with its finding that [Whitsey] was the actual killer." Consistent with, however, is not "conclusively" (*Strong*, *supra*, 13 Cal.5th at p. 708; *People v. Langi* (2022) 73 Cal.App.5th 972, 984). The trial court instructed the jury the term "'used a firearm'" meant "to display a firearm in a menacing manner, intentionally to fire it, or intentionally to strike or hit a human being with it." (CALJIC No. 17.19.) The instruction did not require that, to find the allegation true, the jurors had to find Whitsey fired a gun. (See *People v. Jones* (2003) 30 Cal.4th 1084, 1120 ["The finding of personal use [of a firearm] . . . would not in itself prove [the] defendant was the actual killer. If two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery and the felony murder, even though only one is the actual killer."]; *People v. Berry* (1993) 17 Cal.App.4th 332, 335 [under section 12022.5, subdivision (a), "use encompasses a situation where the defendant is armed and

17

uses his firearm in furtherance of a series of related offenses that culminates in a fatal or near fatal shooting even though the defendant does not personally fire the actual shot"].)

Whitsey alleged sufficient facts to establish a prima facie case for relief, and the record of conviction did not conclusively refute those facts. Though the evidence at trial suggested Whitsey was the shooter, the superior court cannot (and here, did not) consider that evidence at the prima facie stage and "'should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The superior court erred in failing to issue an order to show cause and setting the matter for an evidentiary hearing under section 1172.6, subdivision (d). (See *People v. Lopez*, *supra*, 78 Cal.App.5th at p. 20; *People v. Flint* (2022) 75 Cal.App.5th 607, 613; *People v. Ervin* (2021) 72 Cal.App.5th 90, 104.)

C. *Counsel for Whitsey's Concession Did Not Preclude Whitsey from Obtaining an Evidentiary Hearing*

That leaves counsel for Whitsey's concession at the (uncalendared) hearing. The People argue that the superior court "was permitted to rely on appellant's [trial] counsel's concession that he was the actual killer and thus ineligible for section 1172.6 resentencing relief as a matter of law." Whitsey argues counsel's concession and failure to advocate for him at the hearing deprived him of effective assistance of counsel.

As the People point out, Whitsey did not have a federal or state constitutional right to effective assistance of counsel. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 227 ["in the context of section 1172.6," there "'is no unconditional state or federal

constitutional right to counsel to pursue collateral relief from a judgment of conviction'"]; *Lewis*, *supra*, 11 Cal.5th at p. 972 [same].)[13]  But that does not mean Whitsey did not have a statutory right to at least minimally effective assistance of counsel in seeking to make a prima facie case under section 1172.6.  (Cf. *In re Clark* (1993) 5 Cal.4th 750, 780 ["Regardless of whether a constitutional right to counsel exists, a petitioner who *is* represented by counsel when a petition for writ of habeas corpus is filed has a right to assume that counsel is competent and is presenting all potentially meritorious claims."]; *In re Reno* (2012) 55 Cal.4th 428, 463 [same] (*Reno*); *Wilson v. Superior Court of Los Angeles County* (1978) 21 Cal.3d 816, 823 ["a substantial state-created right, even though not constitutionally compelled, may not be arbitrarily withheld"].)

While no published case has yet addressed the precise nature or scope of a petitioner's "purely statutory" (*Delgadillo*, *supra*, 14 Cal.5th at p. 227) right to counsel under section 1172.6, subdivision (c), the statutory right must include the right to some minimum level of competent representation.  After all, a

---

[13]     Many of the protections under the Sixth Amendment do not apply to the petitioning process under section 1172.6.  (See *People v. Schell* (2022) 84 Cal.App.5th 437, 444 ["section 1172.6 is an act of lenity in which the petitioner has no Sixth Amendment right to a jury trial"]; *People v. Silva* (2021) 72 Cal.App.5th 505, 531 & fn. 10 [right to confrontation under the Sixth Amendment did not apply to the defendant's resentencing under section 1172.6, subdivision (e)]; see also *People v. Njoku* (2023) 95 Cal.App.5th 27, 44-45 ["A petitioner under section 1172.6 does not possess many of the constitutional rights afforded to a criminal defendant at trial."]; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 589 [same].)

statutory right to counsel is meaningless if, for example, appointed counsel does nothing.  Because the prima facie inquiry under section 1172.6 is "analogous" (*People v. Curiel, supra,* 11 Cal.5th at p. 460; *Lewis, supra,* 11 Cal.5th at p. 971) to the prima facie inquiry in habeas corpus proceedings, it is appropriate to adopt the rule the Supreme Court has applied in the habeas context:  Counsel in habeas proceedings must perform "'*properly* and *competently*'" (*Reno, supra,* 55 Cal.4th at p. 463) and present "all potentially meritorious claims" (*In re Clark, supra,* 5 Cal.4th at p. 780).  (See *In re Friend* (2021) 11 Cal.5th 720, 743 ["Under *Clark* and *Reno,* counsel has the duty, in the initial [habeas] petition, of investigating and presenting all claims that could be discovered and presented at that time through due diligence."].)  Applying the *Clark* and *Reno* standard for habeas counsel here is all the more appropriate because a petitioner under section 1172.6 has a statutory right to counsel once the petitioner files a facially sufficient petition (§ 1172.6, subd. (b)(3); *Lewis,* at p. 973), whereas the noncapital habeas petitioner does not even have that right.  (*McGinnis v. Superior Court* (2017) 7 Cal.App.5th 1240, 1243, fn. 2.)

Under this standard, counsel for Whitsey, at a minimum, should have objected when the superior court summarily denied Whitsey's petition without having reviewed the briefs or the record of conviction, tasks critical to a proper assessment of the petition at the prima facie stage and to deciding whether to issue an order to show cause.  (§ 1172.6, subd. (c); see *People v. Curiel, supra,* 11 Cal.5th at p. 450 ["'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the [superior] court may dismiss the petition.'"]; *Lewis, supra,* 11 Cal.5th at p. 971 [the record can refute the allegations in the

20

petition by showing that, as a matter of law, a defendant is ineligible for relief].)  Instead, after learning the court had not read any of the briefing or reviewed anything in the record (of conviction or otherwise), counsel for Whitsey made no effort to elaborate on the arguments she made in her reply brief, stated Whitsey was the actual killer, and conceded he was ineligible as a matter of law and therefore not entitled to an order to show cause.

Counsel's concession reflects that she erroneously believed Whitsey was ineligible as a matter of law based on the record of conviction and that the court did not need to review the record or the briefs.  It also deprived Whitsey of the ability to present his only potentially meritorious claim.  (Cf. *In re Friend*, *supra*, 76 Cal.App.5th at p. 636 [habeas counsel "'performs *properly* and *competently* when he or she exercises discretion and presents *only* the strongest claims'"].)  Of course, it may be reasonable in some circumstances for counsel to make strategic concessions.  (See, e.g., *People v. Bernal* (2019) 42 Cal.App.5th 1160, 1167 ["Absent a contrary directive or timely objection from the client, conceding guilt on the charges for which there was overwhelming evidence would be a reasonable strategy to garner credibility and cultivate a more favorable environment for the jury's consideration of defense arguments regarding the charges that *were* reasonably in dispute."].)  Here, however, counsel filed a reply brief arguing Whitsey was not ineligible as a matter of law, and the court admitted it had not read that brief or reviewed the record of conviction or anything in the file (indeed, it appears the court did not even know there was supposed to be a hearing on whether to issue an order to show cause), and yet counsel capitulated. Whatever the extent of a petitioner's statutory right to effective

21

assistance of counsel under section 1172.6, it must be broad enough to encompass what occurred here.

On the issue of prejudice, because Whitsey's right to counsel who is minimally competent and who will present all potentially meritorious claims derives from a state statute, "'the *Watson* harmless error test applies.'"[14] (*Lewis*, *supra*, 11 Cal.5th at p. 973; see *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.) Under this standard, the petitioner must demonstrate "'there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.'" (*Lewis*, at p. 974; see *Hurtado*, at p. 893.) The petitioner "need not show that he is likely to succeed in having his conviction vacated in the end; instead, 'a petitioner "whose petition is denied before an order to show cause issues has the burden of showing 'it is reasonably probable that if [not for the error] . . . his [or her] petition would not have been summarily denied without an evidentiary hearing.'"'" (*People v. Flint*, *supra*, 75 Cal.App.5th at p. 613.) Whitsey has demonstrated prejudice. Had counsel not acceded to the court's proposal to make a ruling without reviewing the briefs or the record, or not conceded defeat in the face of the court's ignorance of the record, it is reasonably probable that the court would have issued an order to show cause because the record of conviction did not show Whitsey was ineligible as a matter of law. Instead, as discussed, the jury instructions allowed the jury to convict Whitsey of murder without finding he was Jackson's actual killer.

---

[14]     *People v. Watson* (1956) 46 Cal.2d 818, 836.

## DISPOSITION

The order denying Whitsey's section 1172.6 petition is reversed.  The superior court is directed to issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d).


                                        SEGAL, Acting P. J.

We concur:


        FEUER, J.


        MARTINEZ, J.